**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILLIAM P. WAGNER and
MICHELE WAGNER, his wife,

        Plaintiffs,

    v.

PAT SALMON & SONS, INC.,

        Defendant.

No. 4:19-CV-01010

(Judge Brann)

**MEMORANDUM OPINION**

**JANUARY 22, 2021**

## I.  BACKGROUND

On June 14, 2019, Plaintiffs William and Michele Wagner, filed a complaint against Trisal Leasing Company.  In August 2019, Plaintiffs filed an amended complaint, this time against Defendant Pat Salmon & Sons, Inc.  This Court entered an order outlining the case management plan for the action in November 2019.  In September 2020, the Court granted a motion to extend the deadlines in the case management plan.  Then, on October 9, 2020, Plaintiffs filed this motion for leave to file a second amended complaint.  Defendant opposes the motion, which is now ripe for disposition; for the reasons that follow, it is denied.

## II.   DISCUSSION

### A.   The Motion to Amend Standard Under Rule 15 Controls

Leave to amend is usually governed by Rule 15 of the Federal Rules of Civil Procedure.  Rule 15(a) states that once a party has exhausted its right to amend, that party "may amend its pleading only with the opposing party's written consent or the court's leave."[1]  The Rule further states that leave to amend "shall be freely given when justice so requires."[2]  Rule 15(a) is to be construed broadly; "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[3]  "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'"[4]

Defendant argues that it is actually Rule 16 – governing scheduling orders – which governs the instant motion to amend.  Defendant's position is not novel; it is well-established that Rule 15 "in some tension with" Rule 16.[5]  Rule 16(b) provides that, once a district court has issued a scheduling order, that order may be modified "only for good cause and with the judge's consent."[6]  And the United States Court of Appeals for the Third Circuit has made clear that parties seeking to

---

[1]   Fed. R. Civ. P. 15(a)(2).

[2]   *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded.").

[3]   *Backof v. New Jersey State Police*, 92 Fed. Appx. 852, 858 (3d Cir. 2004) (quoting *Foman*, 371 U.S. at 182).

[4]   *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

[5]   *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011).

[6]   Fed. R. Civ. P. 16(b)(4).

amend their complaint after a scheduling deadline has passed must first satisfy the "good cause" standard of Rule 16(b).[7]  In cases where Rule 16 applies, only after the moving party has established good cause will the court consider its request to amend under the more liberal standard of Rule 15(a).[8]

Defendant's position is that because granting leave to amend will necessarily require subsequent modification of the Court's scheduling order, that the Court should apply Rule 16's good cause standard, rather than the more lenient requirements of Rule 15.  While the Court is aware, and agrees, that the deadlines in the scheduling order will likely be revisited if amendment is granted, that question is not presently before the Court.  The case management order did "not include a deadline for filing amendments"[9] and therefore, Rule 16 is inapplicable to this motion to amend.  Accordingly, the Court will apply Rule 15 to the instant motion.

**B.    Plaintiffs fail to satisfy Rule 15's requirements for amendment**

"The court should freely give leave" for a party to amend their complaint "when justice so requires."[10]  The United States Court of Appeals for the Third Circuit, interpreting a prior directive from the United States Supreme Court, has held that "prejudice to the non-moving party is the touchstone for the denial of an

---

[7]    *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).
[8]    *Id.* (internal citations omitted).
[9]    *Morrison v. Accuweather, Inc.*, 2015 WL 9315505 at *3 (M.D. Pa. Dec. 23, 2015).
[10]   Fed. R. Civ. P. 15(a)(2).

amendment.  In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."[11]

Defendant has established that it would be substantially prejudiced by allowing amendment.  Prejudice concerns the burden imposed on a defendant if amendment is allowed.  Plaintiffs waited until just weeks before the close of discovery to seek leave to amend and do not contest that the addition of these new claims would substantially shift the focus of the factual and legal issues at play.  Currently, Plaintiffs' lawsuit is effectively a vicarious liability claim.  Adding the proposed negligent hiring and/or retention and negligent maintenance and/or repair claims would shift a vicarious liability claim into an action for direct negligence on Defendant's part.  Such a change "of tactics or theories on the part of the other party," can constitute undue prejudice.[12]

Given Plaintiffs' last-minute request, it is clear that discovery would need to be re-opened.[13]  "Courts presented with similar circumstances have denied such an

---

[11]  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir.1993).

[12]  *Hesling v. Avon Grove Sch. Dist.*, 428 F.Supp.2d 262, 278 (E.D. Pa. 2006).  *See also* Wright & Miller, 6 Federal Practice and Procedure: Civil § 1487 ("[I]f the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial.").

[13]  Plaintiffs concede as much, noting that "further information" about the proposed additional claims "will be revealed during discovery."  Doc. 22 at 7.

invitation citing that the time and expense of re-opening discovery is sufficiently prejudicial to prevent the addition of new claims."[14]   Defendant argues that amendment would require discovery, expert testimony, and costs.  In cases where additional discovery was found to *not* constitute prejudice, the proposed amendments required discovery on topics that had already been explored.[15]  But here, future discovery would focus on different actors.  Plaintiffs do not seriously contest that the discovery stemming from their proposed amendments would be on substantially different topics from what has already occurred or been produced.[16]

Because the amendment "would result in additional discovery, cost, and preparation to defend against new facts or new theories," the Court finds that the prejudice to Defendant justifies denying leave to amend.[17]

Furthermore, with regard to the negligent hiring and/or retention claim, the Court finds that Defendant has made a sufficient showing of undue delay.  The "question of undue delay requires that we focus on the movant's reasons for not amending sooner" while balancing the "liberal pleading philosophy of the federal rules."[18]  "Following this principle, we have refused to overturn denials of motions

---

[14]   *McLean v. United States*, 2017 WL 3485741 at *2 (M.D. Pa. Aug. 15, 2017) (collecting cases).

[15]   *See, e.g., Southeastern Pennsylvania Transportation Authority v. Orrstown Financial Services, Inc.*, 335 F.R.D. 54, 77 (M.D. Pa. 2020).

[16]   Plaintiffs argue that Defendant's discovery responses thus far have been inadequate, but that appears to have little bearing on the issue at hand and offers little explanation for the timing of this motion.  If Plaintiffs were dissatisfied with the progress or quality of discovery, they could have moved to compel discovery long before filing this motion.

[17]   *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

[18]   *Id.*

for leave to amend where the moving party offered no cogent reason for the delay in seeking the amendment."[19]  The problem for Plaintiffs is that when evaluating their explanation for the delay in bringing this specific claim, the Court finds no cogent justification for why it could not have been brought earlier.

Plaintiffs asserted that "it was not until discovery commenced" that they learned about the evidence that supports their negligent hiring and/or retention claim.[20]  Specifically, Plaintiffs point to the following information that was not known until discovery: (1) "Fake was 78 years old when he was hired by Defendant and 80 years old at the time of the collision;"[21] (2) dash cam "footage shows Fake was dazed and/or confused at the time of the collision;"[22] (3) eyewitness testimony was given that "Fake was driving erratically immediately prior to the collision;"[23] and (4) instead of giving Fake a "reprimand or warning, Defendant fired Fake immediately after the collision."[24]

Defendant responds by pointing out that Plaintiffs have known about three of those four facts since January 15, 2020.[25]  Defendant's responses to Plaintiffs' interrogatories and requests for production appears to contain the police report

[19] *CMR D.N. Corp. v. City of Phila.,* 703 F.3d 612, 629 (3d Cir. 2013).
[20] Doc. 22 at 3.
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] Doc. 23 at 3.

from the accident at issue.[26]  That police report includes Fake's date of birth.  Next, Defendant notes that Plaintiffs also received dash cam footage on January 15, 2020.

Likewise, Defendant points out that Plaintiffs knew Fake was fired after the collision; indeed, Defendant's answer to Plaintiffs' interrogatory 36 clearly states that "Fake was terminated in November 2018."  In other words, Plaintiffs had almost all of the information they specifically pointed to as justification for adding this claim.  As for the fourth piece of information – that Fake drove erratically "immediately prior" to the accident – Plaintiffs never explain how this would even support a claim of negligent hiring or retention.

Based on the above, it appears Plaintiffs could have brought this claim approximately nine months before they actually did.  Defendant argues this constitutes undue delay and justifies denying leave to amend.  "The 'undue delay' factor recognizes that a gap between when amendment becomes possible and when it is actually sought can, in certain circumstances, be grounds to deny leave to amend."[27]  The United States Court of Appeals for the Third Circuit has made clear that there is no "presumptive period" after which the delay in bringing a motion for leave to amend becomes automatically unreasonable.[28]  The Third Circuit has also made clear that a motion for leave to amend filed eleven months after the

---

[26]  Doc. 23 Ex. B.
[27]  *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017).
[28]  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006).

commencement of a lawsuit is *not* so excessive as to be "presumptively unreasonable."[29]

Here, Plaintiffs filed their motion for leave to amend sixteen months after the filing of the initial complaint.  Of course, the Court does not expect a litigant to amend a complaint immediately after evidence is uncovered; attorneys have responsibilities that may require them to wait and develop a record before pursuing a new claim.  Plaintiffs, however, do not suggest that they learned the relevant facts throughout the course of discovery; instead, they learned the pertinent information in January 2020.  It is unclear what additional information was gathered throughout the course of discovery as to this claim that prevented Plaintiffs from seeking amendment earlier.

Because Plaintiffs have offered no cogent explanation for why they waited another nine months to seek leave to amend, the Court also denies the motion as to the proposed negligent hiring count based on undue delay.

---

[29] *Id.*

### III.   CONCLUSION

Defendant has established that further amendment would be prejudicial.

Plaintiffs' motion for leave to file a second amended complaint is denied.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge
